JOSÉ FERNÁNDEZ RODRÍGUEZ, Plaintiff and Appellant, v. RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO RICO, Defendant and Appellee.

No. 8667. Argued May 4, 1943.—Decided May 25, 1943.

*E. Martínez Rivera* for appellant. *M. Rodríguez Ramos, Acting Attorney General,* and *José Rafael Gelpí, Deputy Attorney General,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In a previous appeal in this same case, we affirmed the order of the lower court dismissing a petition for preliminary injunction. *Fernández* v. *Buscaglia, Treas.,* 60 P.R.R. 582. In our opinion, at page 588, we stated the following:

"There remains only the point which the petitioner raises by the following statement in his brief:

" 'The lower court in the order appealed from held that the plaintiff has available for review of the decision of the Treasurer the appeal which the law authorizes to be taken to the Court of Tax Appeals, created by Act No. 172 of 1941. However, we respectfully submit that such an appeal does not afford the plaintiff an immediate or ample remedy. The income tax law expressly confines such remedy to the revision of deficiencies determined by the Treasurer after investigation, and no deficiency so determined is involved herein; the remedy cannot be exercised freely and without restraint (§57, Act No. 23 of 1941, Special Session) ; . . .'

"This amounts to a contention for the first time that the petitioner has no adequate remedy at law. There was no such allegation in the petition, nor apparently did the petitioner argue this question in the lower court. There are no allegations in the petition which would enable us to pass on this question, as the petition does not set forth the procedure the Treasurer used to demand the payment of the additional taxes. The petitioner does not implement his argument in his brief. He simply asserts baldly that 'The income tax law expressly confines such remedy to the revision of deficiencies determined by the Treasurer after investigation, and no deficiency so determined is involved herein; . . . '. In view of the petitioner's failure either to allege the procedure followed by the Treasurer in attempting to collect these taxes or to make a detailed argument, decision of this important question must be postponed. To support his position, the petitioner cites only §6 of Act No. 23, Laws of Puerto Rico, 1941, Special Session, amending §57 of Act No. 74, Laws of Puerto Rico, 1925. When the question is properly raised, we shall be required also to take into consideration §4 of Act No. 172, Laws of Puerto Rico, 1941."

Consequently, the petitioner amended his complaint filed in the lower court and the defendant, having filed an answer to said amended complaint, a hearing was held, at the commencement of which, the court, expressed itself as follows:

"The only new point to be considered is the one left pending by the Supreme Court, when affirming the order entered in this case, that is, if the plaintiff taxpayer had or had not an adequate remedy, that is, if he was entitled to an appeal before the Court of Tax Appeals. The Supreme Court left this question open as it had not been argued before this court, and an amended complaint has been filed, as I understand it, with the purpose of adequately submitting that question to this court."

The parties have stipulated that all the facts alleged in the amended complaint had been admitted in the answer, and that the only things that the court had to decide were the legal matters submitted as special defenses, among which was that which alleged that the amended petition for injunction did not state facts sufficient to constitute a cause of action. The court then proceeded to enter judgment dismissing the complaint for the reasons stated in its previous order of May 26, 1942, and in "view of the case of *Ballester* v. *Court of Tax Appeals* recently decided by the Supreme Court of Puerto Rico." It is from said judgment that the petitioner has taken the present appeal, alleging to sustain it that the court *a quo* erred in dismissing the amended complaint.

Appellant in his brief tries to distinguish the instant case from that of *Ballester* v. *Court of Tax Appeals*, 60 P.R.R. 749, due to the fact that the latter was not heard before a regular court but before the Court of Tax Appeals, and was not an injunction case, whereas in the instant case the taxpayer has not submitted himself to the jurisdiction of said court, and even if he had done so, "said action would not give the plaintiff a broad, effective, or speedy remedy to prevent the sale by the defendant of his property (the plaintiff's) to collect the tax."

The principal points raised by the plaintiff are: (1) That as the tax herein involved has not been assessed as a "deficiency," the plaintiff has not available the remedy provided by §57(a) of the Income Tax Act; (2) that the Treasurer of Puerto Rico can not validly consider anew the income tax return of plaintiff for the year 1940 and collect from him an additional tax; (3) that he can neither levy nor collect from the plaintiff as a Spanish citizen a tax at a higher rate than the one applied and collected from citizens of the United States.

However, these questions have already been decided by this court, not only in the first appeal in the *Ballester* case, *supra,* but also on the merits in the second, decided after judgment was entered in this case. *Ballester* v. *Court of Tax Appeals,* 61 P.R.R. 460.

We expressly decided in the first case of *Ballester* v. *Court of Tax Appeals,* 60 P.R.R. 749, 753, that §57(a) of the Income Tax Act not being applicable to a case such as the one at bar, the taxpayer was not under the obligation to file a bond for 75 per cent of the tax in order that he might have the right to have his case reviewed by the Court of Tax Appeals, and we interpreted §4 of Act No. 172 of 1941, to which we referred in the first appeal of the case at bar, to the effect that the Court of Tax Appeals under said section "has jurisdiction in the case (and) the taxpayer has an adequate remedy at law and injunction, therefore, would not lie in the ordinary course of events." Appellant argues that nevertheless said remedy, "would not have the effect of paralizing the action of the Treasurer nor prevent him from carrying out his threat to sell plaintiff's porperty" and that for that reason he is entitled to an injunction, as he lacks an adequate remedy at law.

If we understand his argument, plaintiff proposes that we accept as a fact that the Treasurer of Puerto Rico, notwithstanding the fact that a taxpayer makes use of the rem-

edy that this court has decided the law grants him to have his case heard by the Court of Tax Appeals, would proceed to collect the tax without awaiting the decision of that court. We will not assume, without proof thereof, that a public officer will fail to do his duty. If appellant had available the remedy of a hearing in the Court of Tax Appeals, it is obvious that he had an adequate remedy at law and that the petition for injunction did not lie. This settles · the first point raised by the appellant.

██ As to the second and third points, they were also decided in the second appeal in the *Ballester* case, *supra,* when we said that the Legislature had the power to levy an additional income tax, making it retroactive to January 1, 1940, but that it could not levy a higher rate of taxation on a taxpayer because he was an alien resident in Puerto Rico, as this violates the provisions of our Organic Act on the equal protection of the laws and uniformity in levying taxes.

All the points involved in the present appeal have already been clarified and decided in our previous decisions, and therefore the judgment appealed from must be affirmed.